# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  August 5, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
TORI DREYER,                          *        UNPUBLISHED
                                      *
                   Petitioner,        *        No. 18-764V
                                      *
v.                                    *        Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *        Motion for Dismissal Decision;
AND HUMAN SERVICES,                   *        Hepatitis B ("Hep B"); Optic
                                      *        Neuritis.
                   Respondent.        *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On May 31, 2018, Tori Dreyer ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that as a result of an hepatitis B ("Hep B") vaccine received on February 13, 2017, she developed an adverse reaction, namely optic neuritis and/or other ophthalmological abnormalities.  Id. at 1, 7.  On April 19, 2019, respondent filed his report pursuant to Vaccine Rule 4(c), in which respondent recommended against compensation.  Respondent's Report ("Resp. Rep't") (ECF No. 23).  On May 17, 2019, I held an initial status conference during which I ordered petitioner to file updated records and an expert report in support of her claim.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  Id.  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On August 2, 2019, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 30). She provides that her workers' compensation claim, her employer's filing of a VAERS report, and her medical records support her position. *Id.* at 1-2. She has had the opportunity to consult with a neuro-ophthalmology expert. *Id.* at 2. "Although petitioner feels very strongly about vaccination as the cause of her visual disturbances, it does not appear at this juncture that petitioner can satisfy her burden of proof in the Vaccine Program to establish entitlement. Under these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." *Id.* Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and that such a judgment will end all of his rights in the Vaccine Program. *Id.* Petitioner understands that she may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and elect to file a civil action at the appropriate time. *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Additionally, under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support the claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, petitioner does not allege and the record does not identify the existence of a Table injury. Therefore, petitioner has the burden of establishing causation-in-fact. The medical records do not establish causation-in-fact between the Hep B vaccine and petitioner's optic neuritis and/or other ophthalmological abnormalities. Petitioner has consulted with a neuro-ophthalmology expert but has not filed their opinion. Accordingly, at this juncture, petitioner has not met her burden of proof.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).