# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: October 29, 2019

| * * * * * * * * * * * * * | | |
|---|---|---|
| TORI DREYER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-764V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Attorneys' Fees and Costs; Duplicative Billing. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 14, 2019, Tori Dreyer ("petitioner") filed a motion for attorneys' fees and costs. For the reasons discussed below, petitioner is awarded a total of **$38,455.07.**

### I. Procedural History

On May 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of a hepatitis B vaccination received on February 13, 2017, she developed an adverse reaction, namely optic neuritis and/ or other ophthalmological abnormalities. *Id.* at 1, 7. The case was

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

assigned to my docket. After petitioner filed a statement of completion, I directed respondent to review and provide respondent's view of the case. Initial Order filed June 4, 2018 (ECF No. 5). Petitioner filed additional records and respondent received several extensions of time.

Respondent then filed a report pursuant to Vaccine Rule 4(c), in which respondent recommended against compensation. Respondent's Report ("Resp. Rept.") filed April 19, 2019 (ECF No. 23). Subsequently, I held an initial status conference during which I ordered petitioner to file updated medical records and an expert report in support of her claim, particularly the alleged diagnosis of optic neuritis. Scheduling Order filed June 5, 2019 (ECF No. 27).

Afterwards, petitioner filed updated medical records. Pet. Ex. 28 filed August 9, 2019 (ECF No. 29). She did not file an expert report. Instead, she filed a motion for a decision dismissing the petition. Pet. Mot. filed August 2, 2019 (ECF No. 30). I subsequently granted the motion and dismissed the case for insufficient proof. Decision filed August 5, 2019 (ECF No. 31); *see also* Judgment entered August 6, 2019 (ECF No. 33).

On August 14, 2019, petitioner filed a motion for attorneys' fees and costs. Petitioner's Fee Application ("Fee App.") (ECF No. 37). Petitioner requested $34,299.50 in attorneys' fees and $5,870.55 in attorneys' costs, for a total request of $40,170.05. Fee App., Tab 1 at 31, 33. Petitioner's counsel provided: "In accordance with General Order #9, Petitioner has not incurred any costs in pursuit of the claim. All expenses in the pursuit of this matter were borne by Counsel." Fee App. at 5. On August 14, 2019, respondent filed a response. Resp. Response (ECF No. 38). Respondent was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent did not raise any specific objections to the hourly rates, time expended, or costs incurred but instead, "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner has not filed a reply. This matter is now ripe for adjudication.

## II. Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. § 15(e)(1). In this case, although respondent recommended against compensation, respondent provided that the statutory requirements for an award of attorneys' fees and costs were met. Respondent did not question the existence of either good faith or reasonable basis for this claim. In light of respondent's lack of specific objection and my review of the case, I find that these requirements were indeed met.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing [that] the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## III. Discussion

### A. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate ""prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n. 11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999).

In cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293-V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). All current special masters have adopted the reasoning in *McCulloch* for determining reasonable hourly rates for attorneys practicing in the Vaccine Program. The Office of Special Masters has published hourly rate fee scheduled based on *McCulloch* and updated for subsequent years.[3]

In this case, petitioner requested that her attorney of record Mr. Andrew Downing be awarded $385.00 per hour for work performed in 2018 and 2019. He requested that Mr. Downing's associate Courtney Van Cott be awarded $205.00 per hour for work performed in 2018 and 2019. He requested $135.00 per hour for work performed by paralegals Robert Cain and Danielle Avery in 2018 and 2019. Fee App., Tab 1 at 1-31, 33. These rates have been previously awarded in the Vaccine Program. *See, e.g.*, *Decker v. Sec'y of Health & Human*

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on October 29, 2019).

*Servs.*, No. 15-017V, 2019 WL 4928622 (Fed. Cl. Spec. Mstr. Sept. 18, 2019); *Coffey v. Sec'y of Health & Human Servs.*, No. 15-1161V, 2019 WL 4256972 (Fed. Cl. Spec. Mstr. Aug. 21, 2019); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650 (Fed. Cl. Spec. Mstr. April 11, 2019); *Tucker v. Sec'y of Health & Human Servs.*, No. 17-566V, 2019 WL 1796124 (Fed. Cl. Spec. Mstr. April 2, 2019); *Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, 2019 WL 1716073 (Fed. Cl. Spec. Mstr. March 20, 2019). I find that these rates are also reasonable and that they should be awarded in the present case.

### B. Reasonable Hours Expended

The second factor in the lodestar formula is determining the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (internal citation omitted). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). As stated above, a line-by-line evaluation of the fee application is not required. *Wasson*, 24 Cl. Ct. at 484.

In this case, I first note the fee application contains a chronological list of all tasks performed by attorney Andrew Downing, followed by a separate list of all tasks performed by paralegal Robert Cain, then paralegal Danielle Avery, then attorney Courtney Van Cott. *See* Fee App., Tab 1 at 1-31. This format is not ideal for evaluating all individuals' work and whether it is duplicative. I would prefer if counsel submitted a chronological list of all work performed by all individuals.

Regardless, a review of the fee application as it was submitted reveals several issues. First, paralegal Danielle Avery repeatedly billed for receiving, scanning, Bates-stamping, and saving medical records. She also billed for processing payments. With very few exceptions, her minimum time increment regardless of task tended to be 0.2 hours.

I would also note on multiple occasions, several individuals entered time for obtaining and reviewing many of the same medical records, for the same inter-office meetings, and for the same telephone conferences with the petitioner and the expert consulted in the case. My overall sense is that while Mr. Downing has greater legal experience than Ms. Van Cott and may have appropriately delegated some tasks to her. However, the involvement of these two attorneys plus two paralegals seems to create duplicative work. Additionally, these issues have been raised in numerous fee applications in the past. *See, e.g.*, *Decker*, 2019 WL 1923650; *Tucker*, 2019 WL 1796124; *Butler*, 2019 WL 1716073. Despite these past critiques, the present case involves the same or similar issues. In my experience and discretion, I will deduct 5% from the attorneys' fees request for these reasons. **This results in a deduction of $1,714.98. Therefore, petitioner is awarded $32,584.52 in attorneys' fees.**

### C. Reasonable Attorneys' Costs

Like attorneys' fees, costs incurred – by counsel or the petitioner himself – must also be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cir. 1992). Here, petitioner requested attorneys' costs totaling $5,870.55. These include the costs of filing the petition, obtaining medical records and medical literature, and postage. Fee App., Tab 2 at 32-48. These are adequately documented and generally reasonable. Thus, they are awarded without adjustment.

Petitioner's counsel also requested the cost of consulting with an expert, Dr. Heather Moss. Fee App., Tab 2 at 32-33, 49. The docket and the fee application reflect that petitioner's counsel initially contacted Dr. Moss after respondent questioned the alleged diagnosis of optic neuritis, contending that would be better made by an ophthalmologist. Dr. Moss is board-certified in neurology and has special expertise in neuro-ophthalmology. She is a clinician and professor focusing on those areas of medicine at Stanford University. I did not locate any prior decisions setting an hourly rate or generally approving fees for Dr. Moss. She does not appear to have prior experience in the Vaccine Program. Additionally, petitioner did not file a written report from Dr. Moss which I can review. Regardless, I recognize that Dr. Moss's prompt review and discussion of this case with counsel was followed by petitioner filing a motion for voluntary dismissal. I appreciate Dr. Moss's review and I find it appropriate to award her requested invoice of $5,000.00.[4] **Therefore, petitioner is awarded $5,870.55 in attorneys' costs.**

## IV. Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I award the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $34,299.50 |
| *Reduction (Duplicative Billing)* | *- $ 1,714.98* |
| **Attorneys' Fees Awarded** | **$32,584.52** |
| **Attorneys' Costs Awarded** | **$ 5,870.55** |
| **Attorneys' Fees and Costs Awarded** | **$38,455.07** |

[4] In the present case, Dr. Moss has not submitted an expert report that can be reviewed, but her opinion appears instrumental in the prompt resolution of the case. Therefore, I find that the total figure billed by Dr. Moss is appropriate. This does not constitute a determination that the hourly rate and/or the number of hours billed by Dr. Moss are reasonable.

Accordingly, I award the following:

1) **A lump sum in the amount of $38,455.07, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel Andrew D. Downing of Van Cott & Talamante, PLLC.**[5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).